Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE ESTATE OF

JUAN P. SANTOS,

                    Deceased.

)
)
)
)
)
)
)
)
)
)
)

PROBATE CASE NO. PR0210-89

DECISION AND ORDER

This matter came before the Honorable Alberto C. Lamorena III on July 11, 2008 on Emilia Santos Manibusan's Motion for Declaratory Relief and Helen Rabon, Vicente N. Santos, and Rose A. Cruz's Motion to Remove and Surcharge Administratrix. The parties stipulated to submit these motions on the briefings and exhibits without need for oral argument. After reading the parties' briefs and exhibits, the Court now issues its Decision and Order.

**FACTUAL HISTORY**

Juan P. Santos passed away on November 11, 1985. In the years prior to his death, his daughter, Emilia Santos Manibusan (hereinafter "The Administratrix"), had been the caretaker of his assets. She had been given power of attorney for both Juan P. Santos and his wife Ana N. Santos on January 27, 1978, and had been made the legal guardian of Juan P. Santos on August 1, 1979. Ana N. Santos passed away on September 3, 1989.

Over the last four decades, several of Juan P. Santos' properties were sold or conveyed as gifts. Some of these transactions occurred prior to the Administratrix obtaining power of attorney in 1978, some occurred while the Administratrix had power of attorney but prior to becoming the legal guardian in 1979, some occurred while the Administratrix was legal guardian but prior to Juan P. Santos' death, and some occurred after Juan P. Santos' death.

On September 14, 2007, Helen Rabon, Vicente N. Santos and Rose A. Cruz (hereinafter "Petitioners") filed a Motion to Remove and Surcharge Administratrix, alleging numerous

breaches of fiduciary duties, conflicts of interest, and failure to perform the administratrix duties adequately. On October 23, 2007, the Administratrix filed a Motion for Declaratory Relief, requesting the Court to declare that Estate 604, Mataguac, Yigo, is the only asset of the estate, and that the statute of limitations bars any challenges to prior conveyances. Petitioners filed their Opposition to Motion for Declaratory Relief on November 21, 2007. The Court now addresses both Motions.

**DISCUSSION**

Petitioners have three requests for relief. First, that the Court order the Administratrix to return Lot No. 10111-6NEW-8 and Lot No.5, Block No.4, Tract 1035 or pay their equivalent value. Second, that the Court order the Administratrix' bond property, Lot No. 10111-8, forfeited. Third, that the Court order removal of the Administratrix. The Administratrix requests that the Court declare Estate 604, Mataguac, Yigo, to be the only asset of the estate, and that the statute of limitations bars any challenges to prior conveyances.

**I.       Lot No. 10111-6NEW-8 and Lot No.5, Block No.4, Tract 1035**

Both of these lots were transferred on November 10, 1981, from Juan P. Santos and Ana N. Santos to the Administratrix. Lot No.5, Block No. 4, Tract 1035 was later transferred from the Administratrix to her husband on January 27, 1988. Since these transfers occurred prior to the deaths of either transferor, they are inter vivos transfers, and not considered part of the decedent's estate. *DeLancey v. U.S.*, 264 F.Supp. 904 (W.D.Ark.1967), *In re Shandling's Estate*, 26 Ill.App.3d 610, 325 N.E.2d 444 (Ill. 1st Dist.1975), *Oswald v. Weigel*, 529 P.2d 117 (Kan. 1974). It is possible that Petitioners could institute a civil action regarding these transfers, alleging fraudulent behavior and violation of guardian duties, but such an action is outside the scope of this probate proceeding.

**II.      Lot No. 10111-8**

In becoming the guardian of Juan P. Santos and Ana N. Santos, the Administratrix pledged Lot No. 10111-8 as bond to secure the faithful performance of her duties. Petitioner argues that the Administratrix should forfeit the bond due to the allegations of self-dealing and

2

failure to perform her duties as a guardian. Under Title 15 G.C.A. §4008, no action may be maintained against the sureties on a bond given by a guardian unless commenced within three years from the discharge or removal of the guardian; but if at the time of such discharge the person entitled to bring the actions is under any legal disability to sue, the action may be commenced at any time within three years after the disability is removed. The guardianship by the Administratrix was discharged at the time of death of her wards; Ana N. Santos, the last surviving ward, died on September 3, 1989. The statute of limitations on an action against the sureties on the bond has long since expired, absent any claim of a legal disability to sue by the Petitioners, which there has been none. Even if such a claim existed, it would not be within the ambit of a probate proceeding, but would have to be brought in a separate civil proceeding.

## III.   Declaratory Relief

The Administratrix requests this Court proceed with the probate upon the claim that the Estate of Juan P. Santos contains only Estate 604. The Petitioners argue that the Court should not make a declaratory judgment regarding certain properties because of the possibility that the Administratrix engaged in self-dealing, or because the properties were subject to other interests.

The Petitioners initially argue that although Juan P. Santos deeded his interest in Lot 10111-5NEW to Teresita S. Nauta in 1973, that Ana N. Santos retained an interest in a portion of the lot because the deed was only signed by Juan. This is irrelevant to the declaratory relief requested, as whether or not the Estate of Ana N. Santos retained an interest in the lot does not change the fact that Lot 10111-5NEW was not part of the Estate of Juan P. Santos.

Lot 2, Block No. 3, Tract 1035 was part of a consolidation of Lots 10111-6NEW-1 and 10111-6NEW-2 into Tract 1035 in 1979, owned by Juan P. Santos and Ana N. Santos as community property. Though a land sales contract was made in 1979 to Druk Associates Limited, the company failed to complete the purchase, and title remained with Juan and Ana Santos. When Juan died, the entirety of Lot 2, Block No. 3, Tract 1035 became the property of Ana N. Santos and did not enter probate. Petitioners argue that the subsequent transfer of the property by Ana N. Santos, by and through the Administratrix who was acting as guardian for Ana N. Santos, was unlawful. Again, this is irrelevant as to the declaratory relief requested, as

3

whether or not the property was rightfully transferred does not change the fact that Lot 2, Block No. 3, Tract 1035 was not part of the Estate of Juan P. Santos because the title immediately passed to Ana N. Santos upon Juan P. Santos' death.

The Petitioners also claim that the Power of Attorney granted to the Administratrix in 1978 did not include explicit, clear, or unmistakable language giving the Administratrix the power to transfer land to herself or others. These transfers, though, took place prior to the death of Juan P. Santos, making them inter vivos transfers. As such, they are outside the scope of this proceeding.

Finally, Petitioners point out that the Administratrix executed a Warranty Deed in favor of Jaime R. Cruz on May 26, 1993, conveying Lot No.5, Block No.2, Tract 1035 without filing a petition to convey in either this probate or the related probate case of PR0126-90, the Estate of Ana N. Santos. This transfer did not occur inter vivos, but well after both Juan and Ana Santos had passed away, and during the Administratrix's tenure. However, the Bill of Sale was executed on April 8th, 1980, prior to either Juan or Ana Santos passing. The agreement constituted a land sales contract, and title had not passed to Jaime R. Cruz prior to the deaths of Juan and Ana Santos. The estate retained title to the property prior to May 26, 1993. The only thing granted to Jaime R. Cruz was possession and the prospect of eventual acquisition of the title. As such, it should have been part of the Estate of Juan P. Santos, listed with the assets, and the Administratrix should have sought leave of the Court to transfer the warranty deed. However, if the payments made by Jaime R. Cruz accrued to the estate, the transfer of the warranty deed was a ministerial act, and there would be no wrongful transfer of the property such that liability would attach to the Administratrix.

IV.    Removal of the Administratrix

Though most of the questionable acts of the Administratrix occurred prior to the deaths of Juan and Ana Santos, the Court is concerned about the absence of Lot No.5, Block No.2, Tract 1035 from the list of the estate's assets, and any accounting regarding the payments on that land. Further, while the allegations of self-dealing and breaches of fiduciary duties prior to the deaths of Juan and Ana Santos do not affect the inventory of the estate, the Court believes they

4

demonstrate improvidence under Title 15 G.C.A. §2115(a)(3), and will remove the Administratrix accordingly. Any actions taken by the Administratrix will remain valid under Title 15 G.C.A. §2119.

# CONCLUSION

Based on the above, this Court holds that Estate 604, Mataguac, Yigo, is not the only asset of the Estate of Juan P. Santos, as Lot No. 5, Block No.2, Tract 1035 was improperly excluded. However, those properties transferred inter vivos, legitimately or not, are not assets of the Estate of Juan P. Santos unless and until such time as a civil action voids their transfer. Therefore, Administratrix's Motion for Declaratory Relief is hereby DENIED. Petitioners have established that Administratrix has neglected to include all assets of the Estate of Juan P. Santos in her accounting, and have submitted information regarding the improvidence of Administratrix that has not been opposed. Petitioner's Motion to Remove Administratrix is hereby GRANTED. Petitioners have not established that the bond Administratrix posted while acting as guardian for Juan and Ana Santos is relevant in a probate matter. Nor have they yet established any negligence, waste or misconduct of the Administratrix while acting in her capacity as Administratrix of the Estate of Juan P. Santos. Petitioner's Motion to Surcharge Administratrix is DENIED. The Administratrix and Petitioners may submit proposed replacements to become the new Administrator of the Estate within 30 days of the issuance of this Decision and Order and shall notify the Court to hear the proposed appointments.

**IT IS SO ORDERED** this ___3rd___ day of March, 2009.

Original Signed By:
Hon. Alberto C. Lamorena, III



I hereby certify that the foregoing ... a full true and correct copy of the original on file in the office of the ... of the Superior Court of Guam. ... Guam.

... 0 0 .. 2009

**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam